PeaesoN, J.
 

 "Where an action at law is instituted in the name of one for the use of another, jurisdiction is frequently exercised in Equity to enjoin the plaintiff at law from dismissing the action. This is put upon the ground of necessity, for the right in controversy being a legal one, can only be established by an action at law; and unless the party entitled to the beneficial interest is allowed to use the name of the party in whom the legal title is vested, the
 
 cestui que use
 
 would be entirely without remedy.
 

 This necessity does not exist where the right in controversy is an equitable one. For, if the party entitled to the first equity dismisses a suit in Equity brought in his name by the party entitled to the second equity, which can only be worked out through the first equity, or if he refuses to allow his name to be used upon a proper offer to indemnify against the costs, the party entitled to the second equity may file a bill against both plaintiff and defendant in the suit which was dismissed, upon a charge of collusion, and in that suit, provided he establishes his own equity, he may establish the equity of
 
 *35
 
 the one defendant against the other, out of which his equity grows, and thus obtain complete relief. For instance, in this case, a bill may be filed by A. W. L. Falkner against the present plaintiff and defendants, and if the plaintiff in that bill is aide to establish an executed trust in his favor, as distinguished from a mere executory voluntary trust, he may then, upon the charge of collusion, set up any equity which the plaintiff in this bill may have against the defendants. So there is, in cases like the present, no necessity for calling upon the Court to prevent a party from dismissing
 
 Ms own suit
 
 / and no precedent can be found for the exercise of so stringent a jurisdiction. Indeed, the second equity can only be established by an original bill, and cannot be passed upon as is attempted by the present motion. For, as the matter is now before us, we are wholly unable to decide whether A. W. L. Falkner is entitled to an executed trust, or to a mere executo-ry voluntary trust, which a Court of Equity will not enforce. In this proceeding the only evidence before us is the power of attorney which leaves open the very question upon which the right of A. W. L. Falkner to come into this Court depends. There is no error. The order of the Court below is affirmed.
 

 Per CueiaM. Order below affirmed.